# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MARCH 1998 SESSION

FILED

June 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BRUCE WAYNE FLOURNOY,** | ) | |
| | ) | NO. 02C01-9611-CC-00391 |
| Appellant, | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. C. CREED McGINLEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE BY INTERCHANGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


**FOR THE APPELLANT:**

**RUSSELL A. LARSON**
**(At Hearing)**
211 E. Main Street
P.O. Box 2163
Jackson, TN 38302-2163

**PAMELA J. DREWERY**
**(On Appeal)**
1008 W. Forest
Jackson, TN 38301

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**ALFRED LYNN EARLS**
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN 38302-2825


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Bruce Wayne Flournoy, appeals the order of the Madison County Circuit Court denying his petition for post-conviction relief after an evidentiary hearing. Petitioner was convicted upon his guilty pleas to first degree murder and aggravated rape and received concurrent sentences of life imprisonment and twenty (20) years, respectively. On appeal, petitioner claims that he received ineffective assistance of counsel and his guilty pleas were not knowingly, intelligently and voluntarily entered. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

I

In 1992, petitioner pled guilty to the first degree murder of his wife and the aggravated rape of his daughter. The trial court sentenced him to concurrent terms of life imprisonment and twenty (20) years, respectively, for the offenses. At the post-conviction hearing, petitioner and his brother, Ricky, testified that petitioner's attorneys informed them that if petitioner received a life sentence, the "life sentence" would be twenty-five (25) years at 30% and petitioner would be out of prison in approximately seven (7) years.[1] Petitioner claims that if he had not been misinformed, he would have insisted on going to trial. As a result, he further argues that his guilty plea was involuntary because his attorneys misinformed him regarding his sentence.

Petitioner also asserts that his attorneys were ineffective for allowing him to plead guilty to first degree murder when the evidence would not support a first

---

[1] Petitioner testified that his attorneys told him he would be released from prison in seven (7) to seven and one-half (7 ½) years. Ricky Flournoy testified that petitioner's attorney told him that petitioner would have to serve seven (7) to ten (10) years before being released.

degree murder conviction if he had gone to trial. Petitioner testified that he had been drinking and smoking marijuana on the day in question; therefore, he could not have formed the specific *mens rea* for first degree murder. He contends that the state had no proof of premeditation or deliberation and, because there is evidence that he killed his wife as a result of a domestic dispute, the evidence would merely support a conviction for second degree murder, at best.[2]

At the post-conviction hearing, defense attorneys John Van den Bosch and Mike Mosier testified. Both stated that they conducted a thorough investigation of the state's evidence against petitioner on both offenses. Both denied ever telling petitioner or his brother that he could be released in seven (7) years if sentenced to life imprisonment. They believed that the state would be able to prove its case on both offenses. Mosier testified that, in his experience, voluntary intoxication was not a viable defense to first degree murder. Furthermore, they were aware of a witness who might negate an intoxication defense. Both were particularly concerned with petitioner receiving the death penalty, as the state had indicated its intention to seek the death penalty on the first degree murder charge.

In its written order denying post-conviction relief, the trial court found that petitioner's guilty pleas were knowingly and voluntarily entered. The court specifically determined that the evidence did not support petitioner's claim that his attorneys misinformed him as to the amount of time petitioner would be required to serve on a life sentence. Furthermore, the trial judge noted that he informed petitioner at the guilty plea that a sentence for first degree murder was either life imprisonment or death by electrocution. The trial court determined, "it appears that [petitioner's] plea of guilty to life imprisonment was a well reasoned, well informed and competent decision, made after full consultation with counsel and a full discussion of all evidence against [petitioner]." The court further concluded that petitioner received effective assistance of counsel in that "there is nothing in the record that would remotely suggest that the [petitioner] was not afforded his

---

[2] However, throughout his testimony, petitioner maintained his innocence of the murder of his wife and the rape of his daughter.

constitutional rights to effective assistance of counsel."

## II

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

The testimony of the petitioner and his attorneys conflicted on every material issue and fact. The trial court found that petitioner entered knowing and voluntary guilty pleas and received effective assistance of counsel. The trial court accredited the testimony of defense counsel and thereby rejected the testimony of petitioner. The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Petitioner has failed to carry his burden.

## III

4

On appeal, petitioner also claims that his attorneys were ineffective for failing to attempt to suppress a "confession" made in the presence of law enforcement authorities. He insists that the state had in its possession a statement documenting a telephone call made from the "CID office" wherein petitioner confided to his mother that he had "messed up." Petitioner argues that this statement implicated his constitutional rights, and trial counsel were deficient in failing to attempt to suppress it. However, this issue was not presented in the petition for post-conviction relief. Further, the statement is not in the record before this Court. We, therefore, decline to consider this as this Court is not at liberty to speculate as to the contents of the statement. Nor will we speculate as to the impact the "confession" had upon the state's case for first degree murder. Moreover, petitioner has not shown that a motion to suppress would have been successful. This issue is without merit.

For these reasons, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**GARY R. WADE, PRESIDING JUDGE**

_____
**JERRY L. SMITH, JUDGE**

5